going to call the morni 0207 people versus john H today on behalf of my cli the appellant. May it ple a staff first degree murd young decedent named Jason But this appeal is not ab of a defendant, but about prosecutor. Prosecutors a of all the people of the defendants. As agents of are sworn to uphold the l And in this case, the pro that responsibility and e misconduct throughout clo arguments in at least fou the law on the presumption disparaged the integrity and painted herself as th trial. She disparaged the and she appealed to the e coaxing them to return a not on the law and the ev we're here asking the cour for a new and fair trial. to talk about the relevant know that it's improper t argument on the presumpti a way that deemphasizes t We know that courts have prosecutorial comments, d the integrity of defense counsel of trying to win or dishonesty. We know th private prosecutors in th prosecutors represent not the sovereign. We know th may not place the authori behind the credibility of prosecutors opinions carr of the government. And we have the right to expect will be based on the evid or prejudice. So then let the assistant state's att argument here violated th they represent. Here's ju argument. The other witne from is dr thomas young, quite a story. That is th and Tommy was doing some on him and that caused al I don't even have a bette than that is a joke. If w is true, then we've all j lesson on how to commit a sure nobody's watching yo kill him, wound up a few dr young. Hey, well, the he didn't know what happe ridiculous. It's ridicul on the abuser, the murder up with his opinion. The was no objection. There w at that point. There were at other points. We have of review. We have your h several different standar we're going to argue. Fir per our brief, these are those standards that we g it is abuse of discretion or ineffective or ineffe council. But we also woul law that says, look, if y a lot of different things the case, but it was to t watched several specific raised other ancillary ob You can't look at these t thing happened and there this thing happened and t thing was sustained and t overruled. Even the state Maybe not that you have t in the context of the ent a comment that wasn't obj part of the context in th was going on throughout t And which standard of rev apply? Well, your honor, that the overall standard the bulk of what happened objected to an overrule o to and sustained and the going. I don't even know I mean, that's not an err part. It's not an error o That's just the state say ahead and say what I want objections, which reached of in the rebuttal, uh, w completely undeterred and objections were sustained weren't. Uh, going back t about when you didn't rea So which was the overall Do you think it's abusive can't be abusive discreti the ineffective assistance error. So I think it's pla I think that it's, I thin really. And for this reaso issue is, did what the pro to level prosecutorial mis intentional misconduct? Th there's been a pattern in I think it's much worse h other instances that were you have to show an intent her heart? No, you don't purpose. I mean, I think prosecutorial misconduct Uh, it's still relevant t denies the defendant a fa In this case, I think we intent. We've demonstrate in the practice of doing about that for a minute. practice. And um, as, as the motion to strive and withdrawn. So we still ha that or if we do it all, I want to comment on it. of your brief that um, re three unpublished cases w of the Supreme Court rule in addition to, I guess y to seek out and listen to No, your honor. Those are respectfully. First of al to the cases. We're not s cases. What we're signing this court's records. You cases. You're citing to p of three unpublished case the distinction. I think if you're signing to a ca if you're talking about t case, you're talking abou case, you're signing a ca import. And I think that' court rule is speaking to about here, though, it sa cited unless to support c jeopardy, race judicata, are long the case. That's court rule says. And you eight pages talking about have no precedence. Not o you're taking excerpts of out of context where we w in determining their impa highly irregular and quit offended at your attempts rationalize it. Well, you that and I understand tha I understand that. I just that you can't look at wh in a practice of misconduct prosecutor. If you don't behavior of a prosecutor. And I don't know how you what is this court's reco judicial notice of its re or any other case and see before. Well, and I'm ass  that at least two of these were undecided even when in the briefs. And since been affirmed, at least t about, which is Thompson Riddlespringer. Um, you'r I believe you sat on both as did Justice Welch. You in Thompson. Justice Welc Riddlespringer in Thompson the, I don't mean you, th the comments, particularl of innocence and about, h to go home and tell your why you let this guy go. error, but it was not err to claim. May I finish? Y thought. Yeah. In Riddles Welch found exactly the o the exact same language i exact same prosecutor abo of innocence. So respectfu conflict because as you p not published cases and t But what has happened is have been said that are p of each other about the v and you can say both of t it's not plain error or y of them are not plain err that seems to be the conf you. You'll have a few mo please report. Counsel. M Shanahan and I represent of Illinois. Um I think I begin uh Justice Chapman of the unpublished decisi  opening brief, the state strike any reference to t that was granted. Later, motion to reconsider at t this court took the motion allowed citation to these to these one unpublished decision to remain in his to respond to the argument these three at which poin in history. So they are, that's why I filed my ini these, that they don't be that. But I also appreciat he's in that there does s in the way these issues a prosecutor. I agree. So w here's here. First of all talk about these three ca open. Um that's that's ho I think too. Um First of these cases have now been made a sort of interestin reply brief. He made at w had been decided. Riddle he said it's not the deci It's the transcript. I fa logic at all. Um it is th Yes. Uh this is not just a prosecutorial misconduct ad hominem attack on one state's attorney, assista much. And yes, she did tr closing argument in Thoms and pinkis. But here's th Here's the thing. In each this court said that ithe or there was no reversibl in little Springer, it sa that the prosecutor did n regarding the defendant's innocence. Pinkis. There' in pinkis. And when this Um they didn't delineate claims they were addressi said that the argument di permissible argument. No part of the decision sai but it didn't rise to the error. Pinkis does not sa in each group. Uh for exa of the presumption of inno pinkis. I don't know whic But nonetheless, this cou it's not error or it's sa error. Thompson said it w reversible. Having said t argument, did the state d court's decision in Sissu court's decision in Tomes very similar arguments wh of innocence and said the was on the basis of Sissu the realist for your cour member said there was no this particular issue, th it's Riddles Springer, Pi all support the argument the same argument and if it's not air or this court air. But when you look at Um which is uh opposing c this morning, you gotta l He read to you a few line is a closing argument whe argument, but that's not don't look at a few lines Well, in his defense, I i is brief and the record c much as description of dr their expert is, she boas him the way she's democra as you noted, there was n far as the standard of re know whether we ever got not. We didn't get a good the overall standard of r has said in arguments by error only when they engen against the defendant, su to say whether or not a v from those comments. That and people versus Wheeler just on prosecutorial mis In addition, plain error first prong plain error w of prejudice as with ine of counsel. And so I thin isn't that really the rou in is overwhelming eviden that's a huge thing. I mea that's why Mary face dr m are extensive brain injur that have been, I mean, w Um, Dr Nanduri says this she's ever seen and out o I guess. Um, and uh, so a the thing is when you hav room doctor who looked at you have the police offic into his arms. When you h doing the autopsy of this Dr Case studying this chi then you have Dr Young co I get my information from there was the defendant, of this crime. That's who And I think he just stopp deserves. I mean, you can cause. I think a state att comment on that kind of t been so discredited and f argue that that is not cr And I cited some cases in versus Hickey is the one notes, but I know there a Um, that, um, you can do back to our unpublished c She said, I know how you killing your wife. Tell y an accident. Tell the cop was loaded. Very similar I agree. She had a very s Um, and again, we don't k of the two parts, the two court fell on as far as t But it either did not hav permissible argument sinc taken out of context. Tha thing is, or it was impro rise to the level of rever Springer said a prosecute that the witness is lying based on the evidence and versus Caballero, which i much a statement that it the defendants say he bel danger of receiving great found no reverse. Okay. T you very much. Mr Hannah. some comment now that we please. Well, I do want y I appreciate that there i do have a dilemma and it prosecutor does have a pa that certainly pushes the you know, that does not e in snippets and of unprece um, proved either that sh of uh, of permissible arg it was not reversible hea the point I was trying to I would recommend that yo that. I hope, I hope firs if I, I'll shift the burd The easy way to make a pa is for published cases. A that. Uh, second, I hope brief made it to your hon So we have snippets of th the brief. The appendix i of all of these things. T I recognize that it's a v stack. There it is, which even look at now. Unfortu I can't forget what I alr other two cases. But um, have to decide whether or those period. Right. Uh, to opposing counsel's sta young based his entire op client john Holman told i false direct examined dr 10 90 to 10 92. He said h on the police records, th cases, neuropathology rep records, multiple autopsy rusher, the grandmother's testimony. So that's fals other three cases. Uh, I' about that. One, we don't were properly decided to Moss from the Supreme Cou and partial dissent, partic Freeman. And then in Jonc language that says, look, one off, something that h somebody got angry, mayb mistake that may not rise But prosecutors in danger convictions when they kee it, pushing the envelope. don't know what it is whe past the mailbox, I guess doing this, it becomes re at some point, even if ca proper. Uh, in pinkest, T Springer, there were prob not objecting to errors. with that here, as your h more errors were objected one of the big things was didn't even raise plain e to the required brief sta disinclined to go down th blew it. You didn't put i We're not even going to c this is plain error or no I would say about it is t than any of those cases. of this prosecutor, putti parts that were in these cases and some extra stuf that even if it were true in those cases, either wh not reversible error. I t And you know, I, if I cam my rebuttal the way that attorney began her rebutt I think your honors would down and possibly hold me that you're going to go a case in the twilight zone argument is a bunch of cr in a parallel universe. I it not forever, but a whi anything like it. Uh, and has to realize that he's for 70 years on the basis this trial, jurors look a that there was not overwh guilt and that it would n not could not have been o  that what we have to look not, there's, there's law you don't look at just, y would have happened in a happened. You say in this sitting there listening t a fair verdict after they Our argument is not. And even otherwise proper con jeopardized when this bec something has to be done Thank you very much for y